UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALKHARAF DELI & GROCERY INC.** and **ABDO M. HEIMED**, <br><br> *Plaintiffs;* <br><br> *vs.* <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE**, <br><br> *Defendant.* | CASE NO. 1:23-CV-002630 <br><br> **COMPLAINT** |

Plaintiffs Alkharaf Deli & Grocery Inc. and Abdo M. Heimed, through their counsel, The Privacy Firm PC, complaining of defendant, United States Department of Agriculture, Food and Nutrition Service, in the above-entitled action, respectfully allege as follows:

1.  Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and Section 279.7 of the Regulations of the USDA, Food and Nutrition Service (7 CFR § 279.7).

2.  Plaintiff Alkharaf Deli & Grocery Inc. is a corporation organized under the laws of the state of New York, having its principal place of business at 11 Tompkins Avenue, Staten Island New York 10304, which exists as a direct-to-consumer retail grocery store.



3. Plaintiff Abdo M. Heimed is a resident of Richmond County, state of New York, and is the sole shareholder and officer of Alkharaf Deli & Grocery Inc., by virtue of having invested his life savings to purchase the retail business, renovating and improving the store, including the installation of furnishings, fixtures, and other equipment necessary for the operation of a retail grocery store.

4. After establishing this business, plaintiffs submitted an application to the USDA, Food and Nutrition Service for authorization to participate as a retail owner in the federal food stamp program known as "SNAP" (Supplemental Nutrition Assistance Program). After plaintiffs' application was approved by defendant, the store began participating in SNAP. Prior to the incidents that gave rise to this proceeding, plaintiffs' performance and record in SNAP has been exemplary and unblemished.

5. By letter of charges dated Sep. 20, 2020, defendant informed plaintiffs that they were charged with violating Section 278.2(a) of the SNAP regulations, as a result of accepting EBT payments in exchange for merchandise, which, in addition to eligible foods, included nominal, common non-food items on three occasions, as set forth in annexed Exhibit 1 (Charge Letter).

6. Defendant attached the Investigative Transaction Reports to the charge letter, indicating that on more than one occasion an ineligible item was sold and paid for using SNAP benefits/funds, and that as a result, plaintiffs' business was being considered for a six-month SNAP disqualification, or the imposition of a civil money penalty, if applicable, in lieu of disqualification.

7. In response to defendant's charge letter, within ten days of receipt of same, plaintiffs, through their representative submitted a timely response, refuting the allegations of SNAP regulations violations, requesting material information about the



so-called "investigation," pursuant to the Freedom of Information Act (FOIA), and requesting the imposition of a civil money penalty in lieu of disqualification.

8. Without considering plaintiffs' written oppositions to the charge letter, on Dec. 27, 2022, defendant issued a determination summarily concluding that the alleged violations did in fact occur, that plaintiffs will therefore be disqualified from SNAP participation, and rejected plaintiffs' request for the imposition of a CMP in lieu of disqualification.

9. That decision was made without plaintiffs being afforded due process, including the opportunity to confront and cross-examine witnesses, review unredacted information in defendant's reports, and the investigations and documents concerning same, and to receive complete and unredacted documents pursuant to plaintiffs' FOIA demands, so they would be furnished all discovery material that form the basis of the charges lodged against them, which is necessary to prepare an adequate defense against defendant's charges.

10. Plaintiffs timely requested administrative review of the defendant agency's final determination and submitted a brief setting forth the reasons the agency's determination is unsupported by competent or credible evidence, and that the proposed sanction of one-year disqualification from SNAP was excessive and unwarranted.

11. On Mar. 8, 2023, plaintiffs received the final agency decision sustaining its earlier determination and ordering that the six-month period of disqualification was in fact being imposed. A true copy of the final agency decision is annexed to this complaint as Exhibit 2.

12. Plaintiffs now file this timely suit for judicial review to set aside defendant's determinations and decisions in accordance with the provisions of 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, and request an emergency stay of the agency's imposition of sanctions



against plaintiff prior to the expiration of the statutory period for initiating this judicial review.

13. Plaintiffs categorically deny each and every charge or violation set forth by defendants that constitute the grounds for SNAP disqualification as described in the charge letter.

14. Defendant's decision to disqualify plaintiffs from participation in SNAP is arbitrary and capricious, and without merit for the following reasons:

    a) The failure of defendant's investigators to obtain positive identification of plaintiffs' purported employees during the instances in which the investigators alleged that a clerk of plaintiffs' store allegedly sold the ineligible item(s) and where plaintiffs deny that such a person as identified in the transaction reports annexed hereto as Exhibit 1, worked in plaintiffs' store on the dates and times in question.

    b) The fact that all the so-called ineligible items allegedly sold were inexpensive, common household items, based on the purported notations in the investigator's reports.

    c) The unsuccessful attempt to have the store employee engage in accepting SNAP benefits for cash, *i.e.*, "trafficking," as noted in the investigator's reports, and that there is no direct evidence that plaintiffs engaged in "trafficking."

    d) Defendant's failure to provide the time spent in the store on each investigative visit—namely the times of entry and departure—deprives plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.



e) Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly defendant's investigator who purportedly investigated plaintiff's business and charged them with violations of SNAP Regulations.

15. In addition, defendant has failed to consider the following factors and evidence in their decision:

a) Plaintiffs' unblemished prior record during the previous years as SNAP participants;

b) Under the alleged circumstances, given the de minimis value of the total alleged ineligible non-food items, a disqualification from SNAP participation is excessive;

c) According to defendant's own records, ineligible items were allegedly sold on six occasions within a three-week period and were of negligible value and negligible profit to the store's owner.

16. The redactions in the investigator's report, and defendant's failure to reveal the entry and departure times is designed to avoid the necessary disclosure of the period and amount of time the investigator spent in the store, and the true identification of the clerks, since plaintiffs' own store records would reveal who was working at the time each purported investigation was conducted.

17. The allegations contained in the investigator's reports are incredible and untrustworthy where the same FNS investigator attempted to entrap plaintiffs' clerks into purchasing various items for the store, which the investigator was going to purchase with an EBT card in exchange for cash.[1]

---

[1] This is violation of Section 271.2 of the SNAP regulations, which is commonly referred to as "trafficking," which can result in a retailer's permanent SNAP disqualification.



18. The nature and total cost of the alleged common ineligible non-food items purchased at plaintiffs' store is *de minimus*.

19. The aggregate of the alleged ineligible non-food items have a total value of less than $16.00—an amount that is grossly disproportionate to the USDA's imposed sanction of a six-month SNAP disqualification, which is clearly excessive under the circumstances, even if plaintiffs' store clerks were deemed to have committed the errors constituting the alleged SNAP violations, which plaintiffs categorically deny.

20. The fact that defendant's investigator tried to entrap plaintiffs' non-English speaking clerks into exchanging cash for SNAP benefits, and that the clerks refused to engage in such unlawful conduct weighs heavily in favor of plaintiffs and should be taken into consideration in determining what would be an appropriate sanction.

21. It is inconceivable, and borders on outrageous to suppose—as defendant has—that plaintiffs would jeopardize a solvent and successful business, and the sole source of his livelihood for the nominal profits that might have been earned from the sale of the alleged ineligible non-food items.

22. Disqualifying plaintiffs from SNAP participation due to allegedly failing to adequately train all clerks as to which items are/are not SNAP eligible will result in irreparable injury and damage to plaintiffs' businesses unless the imposed disqualification is lifted.

23. Defendant's decision to disqualify plaintiffs from SNAP is arbitrary and capricious, and even violates defendant's own regulations.

24. Plaintiffs have exhausted all available administrative remedies and are relying upon this court's judicial review as their only available means of redress.



**WHEREFORE,** plaintiffs respectfully demand that this Court review and set aside the decision and determination of defendant United States Department of Agriculture, Food and Nutrition Service to disqualify plaintiffs from participation in the Supplemental Nutrition Assistance Program, and for any other relief that the court may deem to be just and proper.

Respectfully submitted,

THE PRIVACY FIRM PC
*Counsel for Plaintiffs*

Dated: 6-Apr-2023

By: *s/ Joseph A. Bahgat*
Joseph A. Bahgat (Pro Hac Vice Pending)
1701 Walnut Street Suite 70354
P.O. Box 37635
Philadelphia PA 19101-0635
+1 (732) 733-2396
joe@privacyfirm.law

